SCOTT, J.,
Defendant, Pennsylvania Manufacturers Association Insurance Company, appeals our order of October 19, 1990 granting plaintiff’s cross-motion for summary judgment.
This action arose out of an automobile accident occurring on September 13, 1985, in which Robert Schweiss was killed. Frances M. Schweiss (Robert’s mother) filed the instant matter in the court of common pleas for determination of the status of the plaintiff in order to recover underinsured motorists benefits from the Pennsylvania Manufacturers Association Insurance Company. PMA issued a policy of insurance to Tastykake Inc., which policy provided coverage on a vehicle owned and operated by the decedent’s father in connection with his business.
Defendant answered the complaint asserting that the policy was issued to the corporation, Tastykake, *611 and not the decedent’s father. Further, they assert that the uninsured motorist benefits do not extend to the decedent because neither he nor his father was a named insured, nor was he occupying a vehicle insured under the policy issued to Tastykake. Additionally, defendant asserts (only in its subsequent motion for summary judgment) that, by filing an action for underinsured motorist benefits in the court of common pleas, plaintiff violated the arbitration clause in the insurance policy and was, therefore, admitting that they were not parties to the contract of insurance. Based on these assertions defendant filed a motion for summary judgment, and plaintiff filed a corresponding cross-motion for summary judgment in its favor. Upon our granting of plaintiff’s cross-motion, defendants instituted this appeal.
The issue at bar is whether the decedent’s father is a class one insured under the instant policy such that his son, the decedent, as a family member residing with him, is encompassed by that coverage.
The PMA policy declarations reveal that the policy was issued in the name of “Tasty Baking Company, Tastykake Inc., Trustees of the Tasty Baking Pension Trust.” In addition, the policy also names those individuals who operated Tastykake vehicles, and identifies the vehicles involved. Among those identified is the father of the decedent, Francis F. Schweiss.
In the underinsured motorist coverage section of the policy, the first classification of insured is defined as: “You or any family member.” The first classification has come to be described as “class one.” Utica Mutual Insurance Co. v. Contriscane, 504 Pa. 328, 473 A.2d 1005 (1984). Utica is the first case in Pennsylvania in which the category of “insured” was designated as class one; even though *612 the decedent was not claiming class one status in Utica and the majority did not have to address the issue of what constitutes class one status in an uninsured motorist context when a policy is issued to a corporation.
Justice Larsen did, however, address the issue of whether or not the decedent was covered when not an occupant of a covered vehicle. In that case, Justice Larsen recognized that the named insured was a corporation which cannot suffer bodily injury. He opines:
“The uninsured motorist coverage can only be applicable to human beings who suffer personal injuries at the hands of an uninsured motorist. A corporation can only act through its directors, officers, and agents and the decedent was an authorized agent of Future Cars Inc., the corporate named insured. It follows then that the directors, officers, and agents of the corporation were intended beneficiaries of the Utica policy and the decedent as an authorized agent was an intended beneficiary. To hold otherwise, is to say there are no intended beneficiaries of the uninsured motorist coverage in the Utica policy.” Utica Mutual Insurance Co. v. Contriscane, supra.
Subsequent to Utica, the Superior Court decided the question of status when the corporation is the named insured in Miller v. Royal Insurance Co., 354 Pa. Super. 20, 510 A.2d 1257 (1986), aff’d per curiam, 517 Pa. 306, 535 A.2d 1049 (1988). In Miller, the court determined that an officer of the corporation was, in fact, a class one insured. Additionally, PMA’s argument that such policies only cover occupants of covered vehicles was rejected in Lastooka v. Aetna Insurance Company, 380 Pa. Super. 408, 552 A.2d 254 (1988). In Lastooka the decedent was a passenger in an automobile owned *613 and driven by a person who was uninsured. At the time of the accident, the decedent was the owner of a construction company. All of the vehicles associated with the business and all of the family-owned vehicles were insured under a policy written by Aetna. The court held in Lastooka that it was not necessary for the decedent to be the occupant of a covered vehicle and therefore entitled to uninsured motorist coverage. In a footnote the court made reference to Miller, reiterating that the standard qualifications necessary to confer class one status are (1) named insured or (2) family member of a named insured.
As previously mentioned, defendants contend that the PMA insurance policy is intended to provide class one coverage only to the corporate entity, despite the fact that the decedent’s father is specifically named in the policy. Defendants simply assert that the decedent’s father did not pay for the coverage and is not a “party” to the contract. We are not persuaded by this argument. The decedent’s father was named in the policy and we can find no language thereof to suggest that this was done for any reason other than to confer status as a class one insured. If only the entity to which the policy was insured was entitled to coverage, rather than individuals, then the policy would make no sense, since no one could ever recover as a class one insured.
With regard to the arbitration clause, we turn to the policy for an examination of the wording.

“Arbitration”

“(a) If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or an underinsured motor vehicle or do not agree as to the amount of damages, either party may make a *614 written demand for arbitration. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.
“(b) Arbitration shall be conducted in accordance with the Pennsylvania Uniform Arbitration Act. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.”
The matter was initially brought before this court for a determination of whether or not plaintiffs are “insureds” for purposes of recovery under this policy.
It is clear that decedent’s father was to be afforded coverage under the policy. Once class status is conferred, then the plaintiff becomes an “insured” and the parties can now proceed to arbitration on the disputed claims. For the foregoing reasons we entered the order complained of on appeal.