**Opinions of the United States Court of Appeals for the Third Circuit**



10-27-2004

# O'Connor-Kohler v. State Farm Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"O'Connor-Kohler v. State Farm Ins Co" (2004). *2004 Decisions.* Paper 193.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-3961

_____

KAREN O'CONNOR-KOHLER,
*Appellant*

v.

STATE FARM INSURANCE COMPANY

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 01-CV-01412)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2004
Before: SCIRICA, *Chief Judge*, FISHER and BECKER, *Circuit Judges*.

(Filed:  October 27, 2004)
_____

OPINION
_____

BECKER, *Circuit Judge*.

This is a diversity case about the stacking of underinsured motorist (UIM)

insurance coverage. Plaintiff Karen O'Connor-Kohler was severely injured while a guest

in a vehicle owned by a corporation whose vehicles were insured by defendant State Farm

Insurance Co. She appeals from a grant of summary judgment in favor of State Farm. O'Connor-Kohler claims that she can "stack" the UIM coverage on the corporation's other vehicles. State Farm claims that, because O'Connor-Kohler was merely a passenger in the vehicle, with no other connection to the company or the insurer, and was not related to the driver, she cannot stack the company's coverage. State Farm's position is correct, so we affirm. The parties are fully familiar with the facts; hence, we limit our discussion largely to a statement of the *ratio decidendi.*

I

State Farm covered three vehicles owned by Gastroenterology Consultants, Inc. (GCI) under separate, non-fleet, $100,000/$300,000 policies (with $100,000 each in UIM coverage). O'Connor-Kohler was injured while a passenger in one of the vehicles, as the guest of GCI principal Dr. Martin Fried, en route to a GCI Christmas party. GCI selected, and paid extra for, optional "stacking" of UIM coverage: insureds would be entitled to stack the coverage of each policy in case the coverage of one was insufficient.

The State Farm policy included the following statements:

Who Is an Insured—Coverages U, U3, W and W3
*Insured*—Means the insured *person* or *persons* covered by uninsured motor vehicle or underinsured motor vehicle coverage.

This is:
1. the first *person* named in the declarations;
2. his or her *spouse;*
3. their *relatives;* and
4. any other *person* while *occupying:*
      a.     *your car*, a *temporary substitute car*, or a trailer

2

> attached to such a *car*. Such other *person* is an
> *insured* only under the coverage applicable to
> the vehicle which that person was *occupying*
> and such *person* is not an *insured* under the
> coverage applicable to any other vehicle insured
> by this policy. Such vehicle has to be used
> within the scope of the consent of *you* or *your*
> *spouse*.

The named insured under the policy was GCI.

O'Connor-Kohler filed a claim for $300,000, the amount of "stacked" coverage.

State Farm paid only $100,000, claiming that O'Connor-Kohler was ineligible for

stacking. Our review of the District Court's grant of summary judgment is plenary. There

is no dispute that this case is governed by Pennsylvania law.

## II

The basic Pennsylvania rule is that a policy of the type in this case allows stacking

for "class one" insureds, but not for "class two" insureds. *Utica Mut. Ins. Co. v.*

*Contrisciane*, 473 A.2d 1005, 1010-11 (Pa. 1984).[1] Traditionally, "class one" consists of

---

[1] *Contrisciane* concerned a fleet policy, but its reasoning did not turn on that fact. O'Connor-Kohler notes that the policies at issue here were non-fleet, separate policies, but does not explain why the difference is significant. It is true that courts are more hostile to stacking in fleet policies: O'Connor-Kohler cites *Miller v. Royal Ins. Co.*, 510 A.2d 1257, 1258-59 (Pa. Super. Ct. 1986), *aff'd without opinion*, 535 A.2d 1049 (Pa. 1988), which determined that even class one insureds are not eligible for stacking under commercial fleet policies, because they might cover many vehicles, so allowing stacking could make costs prohibitive and defeat reasonable expectations. *Miller* noted that "courts are virtually unanimous" in denying stacking under commercial fleet policies. *Id.* (quoting *Howell v. Harleysville Mut. Ins. Co.*, 505 A.2d 109, 111 (Md. 1986)); *cf. Contrisciane*, 473 A.2d at 1010 n.4 ("We expressly reserve for another day the question[] of whether a "class one" insured may stack coverages under a fleet policy . . . .").

None of this, however, establishes that courts would allow class two insureds to

the named insured, his or her spouse, and his or her relatives; "class two" consists of guests in the named insured's vehicle. *Id.* at 1010. The Supreme Court of Pennsylvania has explained why class two insureds are not entitled to stack benefits:

> A claimant whose coverage is solely a result of membership in this class has not paid premiums, nor is he a specifically intended beneficiary of the policy. Thus, he has no recognizable contractual relationship with the insurer, and there is no basis upon which he can reasonably expect multiple coverage.

*Id.* at 1010-11.[2]

The argument pressed by O'Connor-Kohler is a function of the fact that the named insured here is not a human being. It is clear enough that GCI itself could never suffer bodily injury (which is what is covered by the UIM coverage). GCI, of course, does not have a spouse or relatives. Thus, O'Connor-Kohler argues, under the State Farm policy at issue, there were no class one insureds. In her submission, if only class one insureds can stack coverage, and there are no class one insureds, then State Farm was charging

---

stack in non-fleet cases. While there is no Pennsylvania Supreme Court case on the question, *Bowdren v. Aetna Life & Cas.*, 591 A.2d 751, 755 (Pa. Super. Ct. 1991), upheld an arbitrator's decision denying stacking to a class two insured under a non-fleet, personal UIM policy.

[2]As for class one insureds, after *Contrisciane*, Pennsylvania enacted a statute explicitly requiring insurers to stack UIM benefits for class one insureds. *See* 75 Pa. C.S.A. § 1738. The statute requires stacking for an "insured," defined as the named insured and his or her spouse and relatives if they reside in the same household. *See* 75 P.S.A. § 1702. This statute was adopted in 1990, *see State Farm Mut. Auto. Ins. Co. v. Kramer*, 2003 WL 23100165, *3 (Pa. C.P. Mar. 31, 2003).

4

additional premiums for nonexistent coverage.

State Farm has a compelling response to this. It notes that *some* people might legitimately be class one insureds under GCI's policy—but not O'Connor-Kohler. In *Contrisciane*, the Pennsylvania Supreme Court "reserve[d] for another day the question[] . . . whether the owner and/or officers of a corporation are 'class one' insureds under a policy issued in the name of a corporation." 473 A.2d at 1010 n.4. That question appears to have been answered in the affirmative in later cases.

In *Ober v. Aetna Cas. & Sur. Co.*, 766 F. Supp. 342, 345 (W.D. Pa. 1990), *aff'd without opinion*, 944 F.2d 898 (3d Cir. 1991), Judge Lee determined that, under Pennsylvania law, the "intended beneficiaries [i.e. class one insureds] of [a corporate] policy are at minimum the officers and directors of the corporation, whose coverage is not 'solely the result' of membership in a class." The quoted language is from *Contrisciane*, and is intended to distinguish officers and directors from those who are covered only because they are unrelated passengers—as O'Connor-Kohler indisputably was. Similarly, in *Miller*, the Pennsylvania Superior Court appears to have assumed that the wife of a corporate officer was a class one insured under the corporation's policy, though it did not actually decide the question. *See Miller*, 510 A.2d at 1258; *cf. Ober*, 766 F. Supp. at 345-46.

Given this, it seems likely that, as a matter of Pennsylvania law, there *are* human class one insureds under GCI's policy: GCI's officers and directors. Dr. Fried, therefore,

5

would have been able to stack coverage if he had been injured in the accident. If O'Connor-Kohler had been his wife or daughter, she would have been able to stack coverage. If she had been a GCI *employee*, she might have had a colorable claim that she could stack coverage. Indeed, State Farm conceded in its papers in the District Court that if she had been a GCI employee, she could receive stacked coverage.[3] But, in fact, she had no connection to GCI beyond being a passenger in a corporate vehicle—which makes her the clearest possible example of a class two insured.

O'Connor-Kohler argues that because she was a passenger in a GCI vehicle, being operated by a GCI officer, and on the way to a GCI employee Christmas party, "[t]he clear inference is that this particular travel was for a business purpose to promote the corporation's interest." This proves too much: if this is a "business purpose," then almost every conceivable purpose for which anyone might be in a corporate vehicle is a "business purpose," and so every unrelated passenger would be a class one insured.

O'Connor-Kohler argues that the definition of a class one insured under the policy at issue here is open to more than one interpretation, and therefore the ambiguity should be construed against the insurer. In fact, the policy language and current law are

---

[3]Despite State Farm's concession, Pennsylvania courts do not appear to have decided this issue. In *Ober*, a federal judge determined that the class one insureds on a corporate policy are "at a minimum" the directors and officers, 766 F. Supp. at 345, but left open the "maximum" scope of that class. One Pennsylvania Court of Common Pleas case, *State Farm Mut. Auto. Ins. Co. v. Kramer*, 2003 WL 23100165 (Pa. C.P. Mar. 31, 2003), allowed an employee to stack coverage on his employer's UIM policies, under the particular policy language at issue, but it did not determine whether that employee was in fact a class one insured.

unambiguous. The language in item 4(a) of the policy cited above ("Such other *person* is an *insured* only under the coverage applicable to the vehicle which that person was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy.") unambiguously excludes stacking by unrelated guests, and the Pennsylvania cases all seem to be in accord. Therefore, there is no basis for her claim that she is a class one insured and so entitled to stack coverage.

The judgment of the District Court will be affirmed.