J-S21014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KURT L. STEDING, JR. AND WENDY STEDING, HUSBAND AND WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| MUTUAL BENEFIT INSURANCE CO. D/B/A MUTUAL BENEFIT GROUP | |
| Appellee | No. 1441 WDA 2016 |

Appeal from the Order Dated September 1, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-15-015820

BEFORE:  LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 04, 2017**

Kurt L. Steding, Jr. and Wendy Steding ("the Stedings"), h/w, appeal from the order, entered in the Court of Common Pleas of Allegheny County, granting Appellee Mutual Benefit Insurance Co. ("Mutual Benefit), d/b/a Mutual Benefit Group, judgment on the pleadings[1] and dismissing the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] In ***Insurance Co. of Evanston v. Bowers***, 758 A.2d 213, 215 (Pa. Super. 2000), our Court stated:

> A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. Thus, in reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the

*(Footnote Continued Next Page)*

Stedings' amended complaint with prejudice. After careful review, we affirm.

In February 2014, the Stedings renewed their homeowner's insurance policy issued by Mutual Benefit;[2] the renewal policy covered a 12-month term from 3/18/14 to 3/18/15. The policy included coverage on the Stedings' two-story brick dwelling, in-ground swimming pool, and pool house. The in-ground pool is located behind and uphill from the Stedings' house; the pool house is located behind the pool, approximately 25 feet from the house. In February 2015, a copper water supply pipe froze and burst inside the pool/pump house, resulting in approximately 100,000 gallons of water escaping from the pipe and causing extensive damage to

_(Footnote Continued)_ _____

> action of the trial court is based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits. Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only where the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

**_Id._** (citations and internal quotations marks omitted).

[2] Policy number HO20051488.

the insured premises ("the flood"). The Stedings were out of town at the time of the flood and did not discover the water damage until they returned home on February 17, 2015.

On February 19, 2015, the Stedings filed a property loss claim with Mutual Benefit. Mutual Benefit hired Joseph E. Hilson, a certified residential inspector, to investigate the claim. After inspecting the premises, Hilson concluded that:

> The fracture in the copper water line in the pump room [was] the cause of all the damages to the property. The water from the copper supply line ran for an undetermined amount of time before it was shut off. All the damages to the property [were] consistent with damages caused by a fractured water line. The copper line froze and then burst after swelling.

Letter by Joseph E. Hilson, Opinion and Conclusion, 3/27/15, at 2. Moreover, in the pump room, Hilson "observed a large fracture in the copper pipe that [was] mounted on the exterior wall." *Id.*

On April 13, 2015, Mutual Benefit notified the Stedings that, following its independent investigation of their claim, it was denying coverage in part and granting coverage in part. Specifically, Mutual Benefit identified partially-covered damage to portions of the pool house (kitchen, pocket door, closet door, entry door, baseboard, kick plate for lower cabinets, and drywall above baseboard) and the pump room (fracture in copper pipe and possible damage to cinderblocks); it paid for damage caused by water within

the interior of the pool house.[3]  Mutual Benefit, however, denied coverage for the remainder of the Stedings' claims based on the policy's Water Exclusion Endorsement (water exclusion), specifically stating:

> The damage to areas outside the areas of the pool house – including but not limited to the main house, garage, patio area, concrete walkway areas, and the exterior façade of the pool house – were caused by "water damage" as defined in the Policy. The policy, specifically, excludes . . . from coverage, losses directly or indirectly caused by water damage.

> \* \* \*

> The damage to areas outside the interior of the pool house were caused when the approximately 108,000 gallons of water that allegedly escaped from the pipe left the pool house structure and flooded into these areas.  Damage caused when water from the burst pipe flowed out from the pool house structure to other areas falls within the Policy's water damage exclusion. Therefore, damage to areas outside of the interior of the pool house caused by the escape of water from the pool house structure is excluded from coverage.

> In addition, coverage under the Policy for damage to areas outside of the interior of the pool house is precluded because such damage was not caused by perils insured . . . by the policy. As set forth above, the policy does not insure damages caused by "freezing, thawing, pressure or weight of water or ice . . . to a fence, pavement, patio, or swimming pool; foundation, retaining wall, or bulkhead[.]"  Similarly, the policy does not insure against "Settling, shrinking, bulging or expansion, including

_____

[3] Mutual Benefit also agreed to pay a portion of the Stedings' water bill that was a result of the water that flowed from the burst pipe since it determined that the water "constitute[d] personal property owned or used by an insured" because that water was charged to the Stedings when it came through the water meter and, therefore, may be considered to have been "owned" or "used" by the Stedings.  Mutual Benefit, however, declined to pay the Steadings' sewage charge on the basis that that charge "does not constitute direct physical loss and therefore is not insured under the policy."

resultant cracking . . . of pavements, patios, foundations, walls, floors, roofs or ceilings." Aside from the damages to the interior of the pool house, given the nature of the damages, the quantity of water that reportedly escaped, and the weather conditions prevailing in the area between mid-February and mid-March of this year, it is apparent that the remaining damages to the Premises were the result of one or both of these non-insured perils.

Mutual Benefit Letter, Analysis, Partial Declination of Coverage, and Reservation of Rights & Conclusion, 4/13/15, at 5-6.

As a result of its partial denial of coverage, the Stedings filed a complaint against Mutual Benefit on September 11, 2015. The complaint included claims for breach of contract and statutory bad faith.[4] Mutual Benefit filed an answer and new matter, to which the Stedings filed a reply. On January 7, 2016, the Stedings filed an amended complaint, listing the following areas that were severely damaged as a result of the flood: concrete around pool; concrete pads over patio area; wood deck; garage; concrete walkway outside main garage door; pool house; pool; and interior and exterior of main house. On March 10, 2016, Mutual Benefit filed a motion for judgment on the pleadings, asserting that under its policy water that saturated the soil on the property after flowing out of the pool house from an opening in the floor under the burst pipe is excluded from coverage.

Following oral argument, the court granted Mutual Benefit's motion and dismissed the Stedings' amended complaint with prejudice. The

---

[4] 42 Pa.C.S. § 8371 (actions on insurance policies).

Stedings filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The Stedings present the following issues for our review:

> (1) Whether the lower court erred in concluding that precedential case law did not apply herein so as to afford [the Stedings] coverage for property damage under a policy of insurance written/issued by [Mutual Benefit]?
>
> (2) Whether the lower court erred in failing to find that coverage is afforded by interpretation of the provisions of the policy of insurance as a whole?

The Stedings assert that the trial court erred in applying the policy's water exclusion where that provision is not applicable under the circumstances of this loss and where other provisions of the parties' insurance policy provide coverage for their claimed damage. Specifically, the Stedings contend that the water exclusion for damage caused by "water below the surface of the ground" does not apply where the water originated from a burst pipe.

The legal principles to be applied in reviewing coverage questions arising under insurance contracts are well-settled:

> The task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language.

*Madison Const. Co. v. Harleysville Mutual Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999). Moreover, "[w]here an insurer relies on a policy exclusion as the basis for its denial of coverage, the insurer has asserted an affirmative defense, and accordingly, bears the burden of proving such defense." *Id.* (citations omitted).

The relevant water exclusion provision relied upon by Mutual Benefit to partially deny the claim of loss is set forth in section I, paragraph (1)(c) of the homeowner's policy as follows:

1. **We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.**

   \* \* \*

   **1.c. Water Damage**

   **c. Water**

   This means

   (1) Flood, surface water, waves, including tidal wave, and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

   (2) Water which:

   (a) Backs up through sewers or drains; or

   (3) Overflows or is otherwise discharged from a sump, sump pump or related equipment;

   (4) **Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building,**

- 7 -

> ***sidewalk, driveway, patio, foundation, swimming pool or other structure;*** or

> > (5)    Waterborne material carried or otherwise moved by any of the water referred to in 1.c.(1) through 1.c.(3) of this Exclusion.

> ***This Exclusion (1.c.) applies regardless of whether any of the above, in 1.c.(1) though 1.c.(4) is caused by an act of nature or *is otherwise caused*.***

Mutual Benefit Insurance Company Homeowners Policy #HO00030491, Section 1(1)(c) – Exclusions, 3/14/14, at 8 (emphasis added); Water Exclusion Endorsement #HM16100309 (emphasis added).

Mutual Benefit denied partial coverage after determining that almost all of the water from the flood flowed directly down through a 2'x3' opening in the pool house floor below the burst pipe. The water flowed into and saturated the ground, causing considerable damage to the Stedings' house, in-ground pool, surfaces surrounding the pool and other improvements on the property. Because the parties' policy denied coverage for damage "caused directly or indirectly . . . regardless of any other cause or event contributing concurrently or in any sequence to the loss," the insurance company did not cover damage outside the pool/pump house where it determined that the cause of damage beyond the pool house interior was water beneath the surface of the ground.

The Stedings rely upon ***Kozlowski v. Penn Mut. Ins. Co.***, 441 A.2d 388 (Pa. Super. 1982), to support their position that Mutual Benefit improperly denied coverage for their damage claims to property outside the pool house and pump house. In ***Kozlowski***, a curve valve at the water

main to a service line leading to the insured's house burst, releasing water that then seeped into and flooded the insured's basement. After filing a claim with her insurance company, the insured filed a declaratory judgment action against her insurer when it denied the claim. The trial court found that the insured's policy did not cover the insured's losses. On appeal, our Court stated, "[i]t is axiomatic that in order to recover on a policy of insurance, the insured must show that [her] claim comes within the coverage provided by the policy." *Id.* at 391. Our Court agreed with the trial court's conclusion that "the policy was meant to insure [the insured] only against water damage caused by sources directly within or appurtenant to *her home*." *Id.* at 390 (emphasis in original).

Notably, in *Kozlowski*, we stated that it was not "necessary to discuss [the insured's] . . . contention that [the] insurer did not meet its burden of proving that the loss was excluded by the policy." *Id.* at 391. Rather, we noted that "[h]ere . . . it is clear that the loss sustained by [the insured] was not a 'peril insured against' within the meaning of Paragraph 15[, covered perils under the policy]." *Id.* *See McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 648 (Pa. Super. 2013) ("[T]his Court in *Kozlowski* expressly found it was unnecessary to discuss whether the exclusion was applicable as the damage to the insured's home was not caused by a peril included within the policy's coverage."). Therefore, while the Court did state that the exclusion does not apply when "[r]eading the policy as a whole [and] giving effect to all of its provisions," such statement is dicta where "it [was]

unnecessary to examine whether the loss was specifically excluded by Exclusion 1[, the water damage exclusion,[5]] of the policy." *Kozlowski*, 441 A.2d at 391.[6] The Court further reconciled these statements by noting that the covered perils and water damage exclusion provisions did not contradict each other. *Id.*

On appeal, the Stedings also assert that, in the context of the policy as a whole, the water exclusion is ambiguous and, therefore, it should be construed against Mutual Benefit as the insurer. *Madison Const. Co.*, *supra*. However, the Stedings do not support their argument with any specific reference to the "certain parts" of the policy that "may afford coverage" and which render the water exclusion provision ambiguous.

_____

[5] While the policy in *Kozlowski* contains similar language that it does not insure against loss from "water below the surface of the ground including that which exerts pressure on or flows, seeps or leeks through sidewalks, driveways, foundations, walls, basement or other floors or through doors, windows or any other openings in such sidewalks, driveways, foundations, wall, or floors[,]" notably, the exclusion does not include the limiting language "we do not insure for loss caused directly or indirectly by . . . water below the surface of the ground" and that "[s]uch loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss," found in the Stedings' policy. *Kozlowski*, 441 A.2d at 390.

[6] Similarly, the *Kozlowski* court's statement that if "the cause of the discharge, leakage or overflow of water [was] in the insured's own plumbing system, [then] the exclusion [would] not apply," is dicta where the court specifically determined it was not necessary to discuss whether the insurer met its burden of proving that the loss was excluded by the policy. *Id.* at 391.

*McEwing*, *supra*, involves damage to the floor joists of a home insured under a policy that contains the identical language found in Mutual Benefit policy's water exclusion. There, an engineer hired by the insurance company opined that the floor joists of the insured's home failed as a result of water damage where water had permeated the concrete masonry units (CMU or cinder blocks) and reached the joists, causing them to "[lose] their shear and flexural strength to withstand the imposed live and dead loads and eventually caused the structural wood members to fail." *Id.* at 642. The insured denied coverage based upon the policy's water exclusion language that stated "any loss caused by surface water and/or water below the surface of the ground is excluded '*regardless of any other cause or event contributing concurrently or **in** any sequence to the loss*." *Id.* at 643 (emphasis in original). The case proceeded to a bench trial and the court returned a verdict in favor of the insured. Essentially, the trial court found the testimony of the insurance company's expert engineer "completely incredible" and rejected his conclusions that the groundwater caused the loss or deterioration of the joists in the insured's home. *See id.* at 648 ("Overall, the trial court found absolutely no evidence of water having existed in the crawlspace.").

Unlike the situation in *McEwing*, where the trial court found no evidence that water existed in the crawlspace to actually cause the resultant damage to the insured's home, here there is no dispute that the burst pipe from the pump/pool house caused water to flow underneath the surface of

the ground which resulted in widespread damage to the insured's premises. The Stedings have never disputed this fact, nor have they denied that the damage to their property was caused by water saturation as a result of the burst pipe.[7]

Moreover, we find that the water exclusion language is clear and unambiguous.[8] Thus, we must give effect to the policy language which deems the cause of the water below the surface irrelevant under the water exclusion; there is simply no other way to interpret the restrictive policy language excluding coverage for damage caused by water below the ground "regardless of any other cause or event contributing concurrently or in any sequence to the loss," that is caused by an act of nature or "otherwise." **Madison Const. Co.**, **supra**. That is, in fact, exactly what the trial court

_____

[7] In their amended complaint, the Stedings aver that "a copper water supply pipe emanating from the dwelling yet utilized for the pool house, froze and burst inside the pool house, resulting in approximately 108,000 gallons of water escaping from the pipe, causing extensive damage to the Property[.]" Stedings' Amended Complaint, 3/10/16, at ¶ 10.

[8] To the extent that the Stedings claim the trial court improperly relied upon case law outside of this jurisdiction to support its decision to grant judgment on the pleadings, we note that no Pennsylvania case has based its holding in a coverage dispute on identical or substantially similar water exclusion policy language. In such cases, we may look to non-binding Pennsylvania federal courts, applying Pennsylvania law, as persuasive authority. **See Chester Carriers, Inc. v. National Union Fire Ins. Co.**, 767 A.2d 555 (Pa. Super. 2001) (Court looked to non-binding Pennsylvania federal courts, applying Pennsylvania law, as persuasive authority in insurance coverage/indemnity dispute where it was unable to find Pennsylvania case law on point).

did when it granted Mutual Benefit's motion for judgment on the pleadings.

***Ins. Co. of Evanston***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2017