578 A.2d 1312

**Lynne S. HUNYADY, Appellant,**

v.

**AETNA LIFE & CASUALTY.**

Superior Court of Pennsylvania.

Argued June 7, 1990.

Filed July 30, 1990.

Reargument Denied Sept. 11, 1990.

G. Eugene Beechwood, Jr., Exton, for appellant.

Thomas O. Malcolm, West Chester, for appellee.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

This is an appeal from the June 26, 1989 Order of court sustaining appellee's preliminary objection in the nature of a demurrer and dismissing appellant's complaint with prejudice.

Appellant was involved in a motor vehicle accident on October 12, 1986 while operating an automobile which she owned. She suffered bodily injuries and recovered $25,000, the limit of the tortfeasor's liability coverage, and underinsured motorist benefits in the amount of $100,000 from the insurance carrier who covered her vehicle. On June 6, 1988, appellant filed a complaint for declaratory judgment requesting the court to decree her right to recover underinsured motorist benefits under a "Business Auto Policy" issued by appellee to Vilsmeier Auction Company, Inc. and its wholly owned subsidiary, Investment Recovery Associates, Inc.

Appellant claims she has a right to these benefits because her husband, on the date of her accident, was vice-president and a full-time employee of Vilsmeier which granted appellant's husband unlimited use of a company car insured by appellee. Appellant claims Vilsmeier's policy with appellee extends to cover her injuries from the October 12th accident. The policy issued to Vilsmeier contained the following provision:

D. WHO IS INSURED

   1. You or any family member.

Definitional language was included in the policy as follows:

## PART I—WORDS AND PHRASES WITH SPECIAL MEANING—READ THEM CAREFULLY

The following words and phrases have special meaning throughout this policy and appear in boldface type when used:

A. "You" and "Your" mean the person or organization shown as the named insured in ITEM ONE of the declarations.

Item One of the declarations states the insured is: "VILSMEIER AUCTION CO. INC. AND INVESTMENT RECOVERY ASSOCIATES, INC., A WHOLLY OWNED SUBSIDIARY OF VILSMEIER AUCTION CO. INC."

Appellee filed preliminary objections to appellant's complaint which were sustained and the complaint was dismissed without prejudice to appellant to file an amended complaint. An amended complaint was filed and appellee again filed preliminary objections. After oral argument the court sustained the preliminary objections and dismissed appellant's complaint with prejudice. The trial court concluded the word "you" as used in the policy referred to Vilsmeier and not appellant's husband; therefore, under the clear language of the contract, appellant is not an insured. The court also found that the language in Part D. of the policy referring to family members is inapplicable in the corporate context and should be disregarded.

Appellant claims she is an insured under the policy even though she was not driving a company automobile at the time of her accident because: 1) the policy's key language is ambiguous and therefore must be construed against appellee; 2) her husband was a named insured under the policy so she reasonably expected coverage; and 3) the public policy behind underinsured motorist coverage calls for such a result.

Appellant argues the term "you" as used in the policy is ambiguous because the corporate officers who had regular use of the automobiles listed on the schedule attached to the policy thought "you" referred to them, while appellee argues "you" referred solely to the corporate entity. Appellant focuses on only one section of the policy, however, as Part I, A defines "you" to mean Vilsmeier. We must construe the insurance policy as a whole and not in discrete units. *Koval v. Liberty Mutual Insurance Co.*, 366 Pa.Super. 415, 531 A.2d 487 (1987).

The construction of an insurance policy is a question of law which must be resolved by the courts. Initially, this Court must determine whether the terms of the insurance contract are ambiguous. A provision of an insurance contract is "ambiguous" if reasonably intelligent people could differ as to its meaning. Where a provision of an insurance policy is ambiguous, it will be construed in favor of the insured. Where the terms of insurance contract are not ambiguous, however, this Court must read the policy in its entirety and give the words therein their plain and proper meanings. In doing so, courts do not wish to convolute the plain meaning of a writing nor bestow upon the words a construction which is belied by the accepted and plain meaning of the language used.

*Loomer v. M.R.T. Flying Service, Inc.*, 384 Pa.Super. 244, 246, 558 A.2d 103, 105 (1989) (citations omitted).

■ The policy, in its entirety, is not ambiguous, but clearly states the corporation is the insured party. For this reason, we also reject appellant's second argument that she had a reasonable expectation of coverage. Appellant, wife of an employee and corporate officer of the company, was driving her personal automobile, owned by her. Appellant's automobile was covered by a separate carrier from whom appellant did receive $100,000 in underinsured motorist benefits. We fail to see how the policy language could possibly have led appellant to believe she was covered by appellee for the accident in which she was involved. Therefore, we

find her expectation of coverage by appellee was unreasonable.

Our Supreme Court "reserve(d) for another day the questions of whether a 'class one' insured [1] may stack coverages under a fleet policy, and whether the owner and/or officers of a corporation are 'class one' insureds under a policy issued in the name of a corporation." *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 338 n. 4, 473 A.2d 1005, 1010–1011 n. 4 (1984) (footnote added). In *Miller v. Royal Insurance Co.*, 354 Pa.Super. 20, 510 A.2d 1257 (1986), this Court said in reference to *Utica*, "That other day has arrived in the form of the case *sub judice.*" We did not, however, make a specific determination as to whether the "class one" designation applied to the claimant, wife of a corporate officer, who was driving a company car at the time of her accident. We found the classification to be irrelevant because we held coverages under a fleet policy could not be stacked, which is what the claimant sought. The classification is also irrelevant in the instant case because appellant was not driving a company car, covered by the policy issued by appellee.

■ Appellant's final argument is public policy requires appellee to provide the underinsured motorist benefits to appellant because that is what the legislature intended in enacting the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1701 *et seq.* The MVFRL applies, however, to policies of insurance which cover an injured claimant as the insured party. Appellant cannot argue that the MVFRL requires a carrier to provide underinsured motorist benefits to parties not in the category of "insureds." Since appellant is not an insured party under the policy written for appellee, public policy considerations do not come into play.

Order affirmed.

1. "Class one beneficiaries consist of 'the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either.'" *Newkirk v. United Services Automobile Association*, 388 Pa.Super. 54, 55, 564 A.2d 1263, 1263 n. 1 (1989), quoting *Utica Mutual, supra* 504 Pa. at 338, 473 A.2d at 1010.