**Great American Insurance Company v. Kauker**

C.P. of Bucks County, no. 94-6964-13-1.

James N. Zeris, for plaintiff.
Eric G. Marttila, for defendant.

BIEHN, *P.J.*, March 8, 1996—Plaintiff, Great American Insurance Company, moved for summary judgment in its complaint in declaratory judgment against defendant, John Joseph Kauker II. On February 12, 1996, this court granted plaintiff's motion and declared that plaintiff does not owe uninsured motorist benefits to defendant arising out of his October 13, 1993 motorcycle accident. Defendant appealed to the Superior Court.

Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories and admissions of record together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b).

Both plaintiff and defendant agree that there are no material issues of fact to be determined.

On October 13, 1993, defendant Kauker, while operating his 1983 Kawasaki motorcycle, was involved in an accident with a motor vehicle. He was injured, and the driver of the other vehicle was uninsured. In addition to his motorcycle, defendant also owned a 1994 Ranger pickup truck. He had purchased liability insurance for his motorcycle from Universal Underwriters Insurance Company, but inadvertently had not

purchased uninsured motorist coverage on that policy. For his pickup truck, however, defendant carried full insurance, including uninsured motorist coverage, purchased from the plaintiff, Great American. Defendant claims that he is entitled to uninsured motorist benefits from Great American for the injuries he sustained in the accident between his motorcycle and an uninsured motorist. Plaintiff denies that it owes benefits to the defendant, relying on the "household exclusion" clause in the Great American policy that explicitly excludes such coverage. The exclusion states:

"Part C—Uninsured motorist benefits

"Exclusions

"(A) We do not provide uninsured motorist coverage for bodily injury sustained by any person:

"(1) While occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy."

Defendant presents two arguments against enforcing this exclusion: (1) that the insurance policy issued by Great American is ambiguous, and therefore must be construed in favor of the insured; and (2) that the "household exclusion" clause in the Great American policy should be declared void as against public policy and the intent of the Pennsylvania State Legislature. We disagree with both of these contentions.

Plaintiff argues that it would be absurd if an insurance company was required to provide coverage for an unlimited number of vehicles owned by the insured even though he had contracted for only one. We agree.

To be enforceable, an insurance contract clause must be clear and unambiguous. Where, however, the language of the [insurance] contract is clear and unambiguous, a court is required to give effect to that lan-

guage. See *Pennsylvania Manufacturers' Association Insurance Co. v. Aetna Casualty & Surety Insurance Co.*, 426 Pa. 453, 233 A.2d 548 (1967). However, where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. See *Mohn v. America Casualty Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974) and *Hunyady v. Aetna Life & Casualty Co.*, 396 Pa. Super. 476, 578 A.2d 1312 (1990). "Whether a policy provision is ambiguous is a question of law to be decided by the courts." *Ryan Homes Inc. v. Home Indemnity Company*, 436 Pa. Super. 342, 347, 647 A.2d 939, 941 (1994). *Ryan* also quotes *Metzger v. Clifford Realty Corp.*, 327 Pa. Super. 377, 476 A.2d 1 (1984) guiding courts to be slow to invalidate contract clauses. "Courts should read policy provisions to avoid ambiguities, if possible, and not torture language to create them." *Ryan, supra* at 346-47, 647 A.2d at 941. In the instant case, the defendant asserts that the Great American policy is ambiguous and confusing because it uses several different terms for different classes of motor vehicles. Upon examination of the policy, this court notes that those terms were used in different parts of the policy to provide unique limitations to different coverages. Essentially similar clauses have been upheld as clear and unambiguous in *Nationwide Mutual Insurance Company v. Earl D. Hamton Jr.*, 935 F.2d 578 (3rd Cir. 1991) and *Windrim v. Nationwide Insurance Co.*, 537 Pa. 129, 641 A.2d 1154 (1994). We believe that if the reader uses common sense and the plain meaning of the term "motor vehicle" contained in the "household exception" in the instant case, it is clear that a motorcycle is a motor vehicle and falls within the class of vehicle excluded by the clause. Therefore, there is no ambiguity.

Defendant also challenges the clause in question as being against public policy and therefore unenforceable and void. The policy of Motor Vehicle Financial Responsibility Law 75 Pa.C.S. §1701 et seq. is to provide incentive to motorists to carry insurance on all vehicles. The "household exception" furthers this goal by excluding insurance coverage on cars that are not listed on the policy, and for which no premiums have been paid. Similar clauses have been upheld in Pennsylvania courts as consistent with public policy. *Windrim v. Nationwide Insurance Co., supra; Paylor v. Hartford Insurance Co.,* 536 Pa. 583, 640 A.2d 1234 (1994). Defendant attempts to distinguish these cases by asserting that in the instant case his motorcycle was insured for liability (albeit with a different company), and so the goal of the MVFRL is not furthered by the subject clause. Defendant is correct that the clause here did not encourage him to obtain insurance on his motorcycle, but neither did it deter him. For this defendant, the effect of the clause on the legislative intent of the MVFRL was neutral. Plaintiff Great American did not insure, or even know about, defendant's motorcycle.

The Pennsylvania Supreme Court has limited courts in voiding contractual provisions on public policy grounds in *Paylor v. Hartford Insurance Co.,* 536 Pa. 583, 640 A.2d 1234 (1994):

"Public policy is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest. . . . It is only when a given [public] policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of

the community in [declaring what is or is not in accord with public policy]." *Id.* at 586, 640 A.2d at 1235. (citation omitted)

Defendant has cited several cases holding that similar "household exclusion" clauses violate public policy. But each of these was decided under different controlling statutes and not the MVFRL. See *Bankes v. State Farm Mutual Automobile Insurance Co.,* 216 Pa. Super. 162, 264 A.2d 197 (1970) (decided before MVFRL was enacted); *Estate of Rosato v. Harleysville Mutual Insurance Co.,* 328 Pa. Super. 278, 476 A.2d 1328 (1984) (decided under the Pennsylvania No-Fault Insurance Law that was repealed in 1984); and *Walsh v. Royal Insurance Co.,* 709 F. Supp. 553 (1988) (decided under the Uninsured Motorist Act the legislative intent of which was overruled by the MVFRL). Although the policy goal of having people carry insurance was not realized in this instance (*i.e.,* defendant has insurance on the motorcycle, just no uninsured motorist coverage), in most cases this clause promotes the goal by assuring that people will insure all of their motor vehicles or face the risk of not being covered for accidents in those uninsured cars.

A final guiding policy issue was addressed by the Pennsylvania Supreme Court in *Windrim* when it held a similar "household exclusion" clause to be valid, opining that otherwise there would be a disincentive to insure any more cars than one per household, a situation clearly contrary to the legislative intent of the MVFRL. *Windrim v. Nationwide Insurance Co., supra.* This would create a situation where the insurer could not quantify the risk that it was contracting to undertake. Like any other business, insurers should not have to assume risks for which they have not contracted. Declaring this clause to be invalid would permit motorists

to collect benefits from an insurance company that insures any other vehicle in the household, for accidents occurring in vehicles insured not by that company, but by another company under a separate policy. This permits the second insurer to get a free ride. *Nationwide Mutual Insurance Company v. Earl D. Hampton Jr., supra* at 587. We find this would be fundamentally unfair.

In his deposition, defendant Kauker testified that he intended to obtain uninsured motorist coverage on his motorcycle from the motorcycle's insurer, Universal Underwriters. He stated that he always paid for uninsured motorist coverage in the past, and that he did not realize that he was not covered until after the accident. (Deposition of John J. Kauker II, June 21, 1995, pp. 20-22.)

Given the guidance on public policy decisions by the Pennsylvania Supreme Court and the precedent of recent Pennsylvania cases considering similar household exclusion clauses, we do not find the household exclusion in this case to violate any public policy.

Since the "household exclusion" clause contained in the defendant's insurance policy with Great American is clear and unambiguous, and it does not offend public policy, we decided that plaintiff is entitled to summary judgment as a matter of law.