**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Plaintiff,**

v.

**Lee SALKIN, Defendant.**

No. CIV. A. 00–4681.

United States District Court, E.D. Pennsylvania.

April 12, 2001.

**514**

Allan C. Molotsky, Post & Schell, P.C., Philadelphia, PA, for Plaintiff.

James V. Mathieu, Mathieu & Gummer, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

SCHILLER, District Judge.

In this action for a declaratory judgment, plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide") seeks a ruling from this Court that defendant Lee Salkin ("Salkin") is not entitled to underinsured motorist benefits under a policy issued by Nationwide to Herbert Salkin Realty, Inc. Presently before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, plaintiff's motion for summary judgment is

granted and defendant's motion for summary judgment is denied.

## I. FACTS[1]

On December 11, 1996, defendant Lee Salkin was a passenger in a motor vehicle driven by Mary Jo Donnelly when that vehicle was involved in an accident with Nelson Burgos. Salkin made a claim to the liability carriers for Donnelly and Burgos. Each carrier tendered its policy limit of $25,000 and $15,000, respectively.

At the time of his accident, Salkin lived with his father, Herbert Salkin in Philadelphia, Pennsylvania. Herbert Salkin was insured by auto insurance policy, No. 58BA926–378–3001N, issued to Herbert Salkin Realty, Inc. by Nationwide covering a 1993 Cadillac owned by Herbert Salkin's corporation. The policy was effective at the time of the accident.

## II. LEGAL STANDARD

### A. Jurisdiction

This Court properly asserts jurisdiction over this matter on the basis of 28 U.S.C. § 1332(a), governing diversity jurisdiction, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Nationwide is a corporation existing under Ohio law with its principal place of business in Ohio and Salkin is a citizen of Pennsylvania. The policy of insurance at issue has uninsured/underinsured motorist limits of $300,000.00.

### B. Summary Judgment

Summary judgment is appropriately granted when there exists no question of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when no reasonable

---

**1.** The facts recited herein were stipulated to    by the parties. (Document No. 9)

fact finder could return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party. *See Todd v. Liberty Mut. Fire. Ins. Co.*, 2001 WL 33771, at *2 (E.D.Pa. Jan. 12, 2001). Conflicts in the facts must be resolved in favor of the non-moving party. *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993); *Nationwide Mut. Ins. Co. v. Consenza*, 120 F.Supp.2d 489, 493 (E.D.Pa.2000).

The facts in this case are generally undisputed. What remains are questions of contract interpretation. Speaking in the context of insurance policy, the Supreme Court of Pennsylvania reminded us, "where a contract exists without a history of bargaining over the terms, the construction of individual terms of that contract is a question of law." *Utica Mut. Ins. Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005, 1008 (1984). As such, this case is ripe for resolution on the cross-motions.

## III. DISCUSSION

### A. Declaratory Judgment

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides, in relevant part:

> (a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

▉ This Court has discretion to entertain a declaratory judgment action if it is determined that the declaratory relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Todd v. Liberty Mut. Fire Ins. Co.*, 2001 WL 33771, at *2 (E.D.Pa. Jan.12, 2001) (citations and quotation omitted). Federal law controls whether a declaratory judgment is properly issued. *See id.* State law is applied to the underlying substantive issues. *See id.* In this case, Nationwide seeks a determination of its obligations under the policy issued to Herbert Salkin Realty, Inc. Because I find that the requested declaratory relief will establish the legal relationship between the parties, the Court's consideration of such relief is appropriate.

### B. Insurance Policy No. 58BA926–378–3001N

▉ The parties agree that Pennsylvania law governs this dispute. "Under Pennsylvania law, it is the province of the court to interpret contracts of insurance." *Nationwide Mut. Ins. Co. v. Cosenza*, 120 F.Supp.2d 489, 493 (E.D.Pa.2000) (citing *Niagara Fire Ins. Co. v. Pepicelli, Pepicelli, Watts and Youngs, P.C.*, 821 F.2d 216, 219 (3d Cir.1987)). "The primary consideration in interpreting an insurance contract is 'to ascertain the intent of the parties as manifested by the language of the written instrument.'" *Id.* (quoting *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 (1983)). The Court is to read the insurance policy as a whole and construe it according to its plain meaning. *See id.* (citing *C.H. Heist Caribe Corp. v. American Home Assurance Co.*, 640 F.2d 479, 481 (3d Cir.1981)).

■ Where a provision of a contract of insurance is ambiguous, the provision must be construed in favor of the insured, and against the insurer, the drafter of the contract. *See Standard Venetian Blind Co.,* 469 A.2d at 566. "[I]f the policy provision is reasonably susceptible to more than one interpretation, it is ambiguous. In determining whether a contract is ambiguous, the court must examine the questionable term or language in the context of the entire policy and decide whether the contract is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Nationwide Mut. Ins. Co. v. Reidler,* 2000 WL 424286, at *2 (E.D.Pa. Apr.19, 2000) (quoting *Medical Protective Co. v. Watkins,* 198 F.3d 100, 103 (3d Cir.1999) (citations, internal punctuation omitted)). As our court of appeals has instructed, "a court should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them." *St. Paul Fire & Marine Ins. Co. v. United States Fire Ins. Co.,* 655 F.2d 521, 524 (3d Cir.1981).

■ I turn now to a reading of the contract in its entirety in order to ascertain the plain meaning of the policy terms. With regard to underinsured motorist coverage, the policy states, *inter alia,* as follows: "We will pay all sums the *'insured'* is legally entitled to recover as compensatory damages from the owner or driver of an 'under insured motor vehicle.'" UIM Endorsement at ¶ A.1. (emphasis added). Under the policy, there are four enumerated categories of "insured." *See* UIM Endorsement at ¶ B. At issue in this case, are paragraphs B.1. and B.2., which define "insured" as "you" and "If you are an individual, any 'family member,'" respectively. According to page one on the Business Auto Coverage Form, "the words 'you' and 'your' refer to the Named Insured as shown in the Declarations." The Declaration page lists "HERBERT SALKIN REALTY INC" as the Named Insured.

While there appears to be no Pennsylvania Supreme Court decision interpreting the specific language at issue here, in *Hunyady v. Aetna Life & Cas.,* 396 Pa.Super. 476, 578 A.2d 1312, 1313 (1990) [2], the Pennsylvania Superior Court construed the word "you" in the context of a similarly drafted business auto policy, ruling that the wife of corporate executive is not entitled to recover underinsured motorist benefits under a policy issued to the corporation. In so deciding, the court concluded that "[t]he policy, in its entirety, is not ambiguous, but clearly states the corporation is the insured party." *Id.; accord Caron v. Reliance Ins. Co.,* 703 A.2d 63, 68 (1997) (noting the term "you" referred to the corporate purchaser of the policy, not the drivers of covered vehicles). Furthermore, this Court has predicted that the Pennsylvania Supreme Court would construe the word "you," as used in similar business auto insurance policy language, to refer to the business entity. *See Ohio Cas. Ins. Co. v. Aron,* 1992 WL 247290, at *1 (E.D.Pa. Sept.25, 1992), *aff'd without op.,* 993 F.2d 878 (3d Cir.1993). I reach the same conclusions here. Furthermore, "it would strain a court's imagination to determine that [Salkin] was a family member of the business entity [Herbert Salkin Realty, Inc.]." *Id.; accord Insurance Co. of Evanston v. Bowers,* 758 A.2d 213, 217 (2000) (finding similarly worded "family member" language in a business auto poli-

---

**2.** Salkin suggests that *Hunyady* is inapposite here because there was a "schedule of drivers" associated with the policy at issue in *Hunyady.* Def. Mem. in Support of SJ at 8. In the instant matter, there is no such sched-

ule as the insured corporation is a one-man operation. *See* Def. Mem. in Support of SJ at 8. The court in *Hunyady* attached no significance to this fact. Neither does this Court.

cy inapplicable where the insured is not an individual). Therefore, Salkin is not an insured under the policy and is not entitled to recover underinsured motorist benefits.

■ Salkin argues that the word "you," used to define the term "insured" cannot be read to refer to a corporation because no corporation has been registered under the name "Herbert Salkin Realty, Inc." in Pennsylvania. This argument is unavailing. While the certificate of incorporation reflects the correct name of the corporation to be Salkin Realty, Inc., the evidence presented by Nationwide clearly reflects that the parties intended to insure Herbert Salkin's only corporation. Michael Sheehan, an independent insurance broker, set forth the following facts in a verification: Herbert Salkin approached him to obtain insurance coverage for a car owned in the name of Herbert Salkin's corporation. After being informed that he did not qualify for a personal auto coverage policy, Herbert Salkin requested a business auto policy in the name of the corporation. Mr. Salkin was pleased with the business policy because it allowed him to deduct the monies paid for premiums as business expenses. Through a "miscommunication," he thought the name of the corporation was "Herbert Salkin Realty, Inc." Despite this mistake in the name of the corporation, Herbert Salkin signed the application for insurance coverage. *See* Sheehan Verification, Pl. Mem. in Support of Motion for S.J. at Exh. D. Salkin offers no evidence to the contrary. Instead, he concedes that issuing the policy in the name "Herbert Salkin Realty, Inc." was "obviously ... a mistake." Def. Mem. in Support of S.J. at 10. Thus, it is clear that the parties in-

tended to insure Herbert Salkin's corporation, Salkin Realty, Inc.

■ In a situation where a contract's terms do not reflect the intent of the parties, the appropriate remedy is reformation. "A contract may be reformed where mutual mistaken belief, shared by the parties with respect to a material aspect of the agreement, prevents it from conforming to the true intention of the parties." *Navarro v. Ohio Cas. Ins. Co.,* 325 Pa.Super. 167, 472 A.2d 701 702 (1984). Here, Nationwide, the party seeking reformation, has fulfilled its obligation of establishing that the parties intended to insure Herbert Salkin's corporation and mistakenly believed that Policy No. 58BA926–378–3001N did so. *See Philadelphia Elec. Co. v. Borough of Lansdale,* 283 Pa.Super. 378, 424 A.2d 514, 519 (1981). In obtaining insurance, Herbert Salkin opted for a business policy over a personal one, a transaction which yielded him economic benefit. His son now seeks a benefit never bargained for.

■ Salkin further contends that Nationwide is estopped from denying coverage because a "consent to settle by Nationwide was issued to defendant's prior counsel." Def. Mem. in Support of S.J. at 12. In order for Nationwide to be estopped from denying coverage, Salkin must establish that "he relied upon the company's actions to his detriment." *Turner v. Federal Ins. Co.,* 1995 WL 33096, at * 2 (E.D.Pa. Jan.25, 1995) (citations omitted). Salkin claims that if he "had known that Nationwide had been denying the claim, then he could have proceeded against the tortfeasors in excess of their policies."[3] Def. Mem. in Support of S.J. at 12. Salkin has provided no evidence

**3.** The Court notes that Nationwide sent a letter to Salkin's prior attorney denying Salkin's claim in September of 1998. *See* Stip. at Exh. E. In October of 1998, Nationwide sent another letter stating that "we have waived our subrogation rights regarding the tortfeasor" in this matter. Stip. at Exh. F.

that he could have recovered anything from the "tortfeasors" beyond that which he already recovered. Thus, it cannot be said that he relied on the actions of Nationwide to his detriment.

## IV. CONCLUSION

For the above-stated reasons, Nationwide's motion for summary judgment is granted and Salkin's motion for summary judgment is denied. An order follows.

### ORDER

AND NOW, this 12th day of April, 2001, it is hereby ORDERED as follows:

1. Plaintiff's motion for summary judgment is GRANTED;

2. Defendant's motion for summary judgment is DENIED.