UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Plaintiff,

v.

TIERNEY ASSOCIATES, INC., Ceil
Ann Tierney, Defendants.

No. 3:CV–01–1368.

United States District Court,
M.D. Pennsylvania.

July 9, 2002.

Henri Marcel, Deasey, Mahoney & Bender, Ltd., Philadelphia, PA, for plaintiff.

Robert W. Munley, Scranton, PA, for defendants.

## MEMORANDUM

VANASKIE, Chief Judge.

This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202, with jurisdiction based on the diversity statute, 28 U.S.C. § 1332. Presently pending before the Court is plaintiff United States Fidelity and Guaranty Company's ("USF & G") motion for judgment on the pleadings. (Dkt. Entry 5.) Defendant, Ceil Ann Tierney ("Tierney"), the Corporate Secretary of Tierney Associates, Inc. ("Tierney Associates"), seeks underinsured motorist benefits under a policy issued by USF & G to Tierney Associates. USF & G contends that Tierney cannot recover because she was not riding in a covered vehicle at the time of the accident and she is not identified as a named insured under the terms of the policy. Tierney maintains that coverage should be extended to her as an intended beneficiary based on her status as a corporate officer. Because the policy at issue unambiguously identifies Tierney Associates, Inc. as the named insured, and does not extend coverage to corporate officers, USF & G's motion for judgment on the pleadings will be granted.

## BACKGROUND

On or about July 16, 2000, USF & G issued a renewal business automobile policy to Tierney Associates, Inc., Policy No. BFA00000617571, with a coverage period from July 16, 2000 to July 16, 2001. (Complaint, ¶ 8.)[1] The policy included, *inter alia,* coverage pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701, with limits for underinsurance motorist benefits in the amount of $300,000. (*Id.*) During the policy period, Tierney was Corporate Secretary of Tierney Associates. (*Id.,* ¶ 10.)

On August 19, 2000, Tierney was injured in a motor vehicle accident while a passenger in a car owned and operated by Edward Kupstas. (*Id.,* ¶ 11.) Tierney obtained recovery of the liability limits on the policy covering Mr. Kupstas' vehicle, as well as the limits for underinsurance coverage available to her under her personal automobile insurance. (D's Br. in Opp. to Mot'n for Judgment on the Pleadings, p. 1.) Tierney claims entitlement to underinsured motorist benefits under the USF & G policy issued to Tierney Associates.

On September 4, 2001, plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the F.R.C.P. In addition to the submission of written briefs, the parties presented oral argument to the Court on February 20, 2002. The issue before the Court is whether the policy issued to Tierney Associates, Inc., a corporate entity, provides underinsured motorist coverage to Ceil Ann Tierney based on her status as a corporate officer.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment after the pleadings are closed. Under Rule 12(c), a court must accept all factual averments as true and draw all reasonable inferences in favor of the non-moving party. *See Society Hill Civic Ass'n v. Harris,* 632 F.2d 1045, 1054 (3d Cir.1980). A party moving for judgment on the pleadings under Rule 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as a matter of law. *See Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289,

---

1. Reference to a paragraph of the Declaratory Judgment Complaint signifies that Tierney has admitted the allegations of that paragraph.

290–91 (3d Cir.1988); *Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc.* 931 F.2d 1002, 1005 (3d Cir.), *cert. denied,* 502 U.S. 909, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991). Judgment may only be entered where "no set of facts could be adduced to support the plaintiff's claim for relief." *Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir.1980). The parties are in agreement that the pleadings disclose the facts pertinent to the resolution of the coverage issue.

■ USF & G issued a Business Automobile Policy to Tierney Associates. The Business Automobile Policy Declarations indicate that the "Forms and Endorsements Applicable to this policy" include, *inter alia,* the Business Auto Coverage form (CA 00 01 07 97) and the Pennsylvania Underinsured Motorist Coverage—Nonstacked Form (CA 21 93 11 98). (*See* Ex. A to the Complaint.) The Business Coverage Auto Form states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations."[2] The Underinsured Motorists ("UIM") endorsement on the policy in question identifies the "Named Insured" as "TIERNEY ASSOCIATES, INC." (*See* Ex. "A" to Complaint.) Ceil Ann Tierney is not identified anywhere on the policy, the UIM endorsement, or the policy's declaration pages. The UIM endorsement to the policy provides that USF & G "will pay all sums the '*insured*' is legally entitled to recover from the owner or driver of an 'underinsured motor vehicle.'" (Complaint, Ex. "A", emphasis added.) The UIM endorsement then identifies the person entitled to UIM coverage as follows:

**A. Who Is An Insured**

1. You.

2. *If you are an individual,* any "family member."

3. Anyone else "occupying" a covered "motor vehicle" . . .

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

(*Id.;* emphasis added.)

As USF & G points out, "[h]istorically, Pennsylvania courts have categorized Underinsured Motorist claimants . . . into three classes." (Pl's Br. in Support of Mot'n for Judgment on the Pleadings, p. 3) (citing *Utica Mut. Ins. Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005, 1010 (1984).) Generally, the three classes of intended insureds are:

(1) "class one" includes "the named insured and any designated insured, and, while residents of the same household, the spouse and relatives of either";

(2) "class two" includes "any other person while occupying an insured highway vehicle"; and

(3) "class three" includes any person with respect to damages he is entitled to recover[,] because of bodily injury to which this insurance applies[,] sustained by an insured under (1) or (2) above. (i.e., a spouse claiming loss of consortium).

*Jeffrey v. Erie Ins. Exchange,* 423 Pa.Super. 483, 621 A.2d 635, 644 (1993)(en banc), *app. denied,* 537 Pa. 651, 644 A.2d 736 (1994).

---

**2.** The Business Auto Coverage Form was not included as part of Exhibit "A" to the Complaint. At my request, it was telefaxed to the Court and made part of the record on July 8, 2002. Consideration of the content of documents to which a Complaint makes reference in deciding a Rule 12 motion is, of course, appropriate. *See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993), *cert denied,* 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).

In the case at bar, it is undisputed that Tiemey is neither a class II insured—she was not in a covered vehicle at the time she was injured; nor a class III insured—she is not claiming coverage based on another's injuries. The dispute here is whether Tierney should be regarded as a class I beneficiary. Observing that a corporation cannot suffer bodily injury and that a corporation can only act through its officers and employees, Tierney maintains that corporate officers must be regarded as class I insureds in a corporate policy.

■ Resolution of Ms. Tierney's status is dependent upon an interpretation of the insurance contract in the context of Pennsylvania law.[3] Of course, decisions of the Pennsylvania Supreme Court are controlling. *Coviello*, 233 F.3d at 713. But, as explained by our Court of Appeals, "[i]f the Pennsylvania Supreme Court has not yet passed on the issue before us, we must consider the pronouncements of the lower state courts, as well as federal appeals and district court cases interpreting state law." *Id.* In addition, decisions from other states may also be considered. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 406 (3d Cir.2000).

Each party in this case advances a separate Pennsylvania Superior Court opinion in support of its position. Further confounding the situation is the fact that each Pennsylvania Superior Court decision was affirmed by the Pennsylvania Supreme Court *per curiam* and without an opinion.

USF & G relies upon *Hunyady v. Aetna Life & Cas.*, 396 Pa.Super. 476, 578 A.2d 1312 (1990), *aff'd mem.*, 530 Pa. 25, 606 A.2d 897 (1992.) In *Hunyady*, the underinsured motorist policy was issued in the name of a corporation. The wife of the vice-president of the corporation, who was injured while driving a car that she owned, sued to recover underinsured benefits from the insurer of the corporate vehicles. In support of her claim, the plaintiff asserted:

1) the policy's key language is ambiguous and therefore must be construed against appellee; 2) her husband was a named insured under the policy so she reasonably expected coverage; and 3) the public policy behind underinsured motorist coverage calls for such a result.

*Id.* at 478, 578 A.2d 1312. The policy issued to the corporation in *Hunyady* contained the following provision:

D. WHO IS INSURED

1. You or any family member.

*Id.* at 477–78, 578 A.2d 1312. It also included the following definitional language:

PART I —WORDS AND PHRASES WITH SPECIAL MEANING–READ THEM CAREFULLY

The following words and phrases have special meaning throughout this policy and appear in boldface type when used:

A. "You" and "Your" mean the person or organization shown as the named insured in ITEM ONE of the declarations.

*Id.* at 478, 578 A.2d 1312. Item One of the declarations identified the named insured as: VILSMEIER AUCTION CO. INC. AND INVESTMENT RECOVERY ASSOCIATES, INC., A WHOLLY OWNED SUBSIDIARY OF VILSMEIER AUCTION CO. INC. *Id.* Concluding that the word "you" referred unambiguously to the corporation and not corporate officers, such as Hunyady's husband, the trial court ruled in favor of the insurance company.

On appeal, Mrs. Hunyady asserted that "the term 'you' as used in the policy is ambiguous because the corporate officers who had regular use of the automobiles

---

**3.** "This diversity action is governed by substantive state law." *State Farm Mut. Auto.* *Ins. Co. v. Coviello*, 233 F.3d 710, 713 (3d Cir.2000.)

listed on the schedule attached to the policy thought 'you' referred to them . . . ." *Id.* at 479, 578 A.2d 1312. Observing that "[w]e must construe the insurance policy as a whole and not in discrete units" (citing *Koval v. Liberty Mut. Ins. Co.*, 366 Pa.Super. 415, 531 A.2d 487 (1987)), the *Hunyady* court affirmed the denial of coverage to the vice-president's wife, finding:

> The policy in its entirety, is not ambiguous, but clearly states the corporation is the insured party. For this reason, we also reject appellant's second argument that she had a reasonable expectation of coverage. Appellant, wife of an employee and corporate officer of the company, was driving her personal automobile, owned by her. Appellant's automobile was covered by a separate carrier from whom appellant did receive $100,000 in underinsured motorist benefits. We fail to see how the policy language could possibly have led appellant to believe she was covered by appellee for the accident in which she was involved. Therefore, we find her expectation of coverage by appellee was unreasonable.

\*　　\*　　\*　　\*　　\*　　\*

Appellant's final argument is public policy requires appellee to provide the underinsured motorist benefits to appellant because that is what the legislature intended in enacting the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1701 *et seq.* The MVFRL applies, however, to policies of insurance which cover an injured claimant as the insured party. Appellant cannot argue that the MVFRL requires a carrier to provide underinsured motorist benefits to parties not in the category of "insureds." Since appellant is not an insured party under the policy written for

appellee, public policy considerations do not come into play.

*Id.* at 479, 80, 578 A.2d 1312.

*Hunyady* stands for the proposition that where, as here, the policy is issued only to a corporation as the named insured, corporate officers are not Class I beneficiaries.[4] Plainly, *Hunyady* favors the position espoused by USF & G. Tierney, however, contends that the Superior Court's earlier decision in *Miller v. Royal Ins. Co.*, 354 Pa.Super. 20, 510 A.2d 1257 (1986), *aff'd mem.*, 517 Pa. 306, 535 A.2d 1049 (1988), compels a finding in her favor.

At first glance, the Superior Court's decision in *Miller* does seem to favor Tierney. However, upon further review, the precedential value of *Miller* for the issue *sub judice* is weak at best. In *Miller*, the court reiterated that the Pennsylvania Supreme Court in *Utica Mutual Ins. Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984), "reserve[d] for another day the questions of whether a 'class one' insured may stack coverages under a fleet policy, and whether the owner and/or officers of a corporation are 'class one' insureds under a policy issued in the name of a corporation." *Miller*, 354 Pa.Super. at 22, 510 A.2d 1257. As in *Hunyady*, the plaintiff in *Miller* was the wife of an officer of a corporation whose vehicles were insured under a policy issued to the corporation. Unlike *Hunyady*, Mrs. Miller was an occupant of a covered vehicle, and thus at least a Class II benficiary, but sought to stack coverage on other covered vehicles. *Contrisciane* suggested that only Class I beneficiaries could stack coverage. Without setting forth the language of the policy issued to the corporation, the *Miller* court simply declared that "[t]he court below determined that appellee is a class one

---

**4.** If corporate officers were class I beneficiaries as the "You" to whom reference is made in the policy, then family members would

necessarily be class I beneficiaries as well because the class I beneficiaries encompass both "you or any family member."

insured. We agree, however, this classification becomes irrelevant in light of our determination that coverages under a fleet policy may not be stacked." *Id.* at 22, 510 A.2d 1257. In other words, the Superior Court agreed with the trial court's finding that Mary Ann Miller, the wife of the corporate secretary, was covered under the terms of a policy issued to a corporation, but did not give even a hint of the rationale for this conclusion. Instead, the *Miller* court was primarily concerned with the stacking issue, and since it found stacking was not available in that instance, the court determined that the issue surrounding the designation of the class I insured was irrelevant. At best, the *Miller* court seemed to imply that a policy issued in the name of a corporation *could* be extended to cover the officers or employees of that corporation as class I beneficiaries, but did not offer any suggestion as to the policy language that would support such a finding.

Significantly, *Hunyady* expressly declined to attribute precedential value to the suggestion in *Miller* that corporate officers are class I insureds in a corporate policy, explaining:

> We did not [in *Miller*] make a specific determination as to whether the "class one" designation applied to the claimant, wife of a corporate officer, who was driving a company car at the time of her accident. We found the classification to be irrelevant because we held coverages under a fleet policy could not be stacked, which is what the claimant sought.

*Hunyady,* 396 Pa.Super. at 480, 578 A.2d 1312.

The Pennsylvania Superior Court also called the *Miller* decision into question in *Lastooka v. Aetna Ins. Co.,* 380 Pa.Super. 408, 552 A.2d 254 (1988). In *Lastooka,* the owner of a sole-proprietorship was fatally injured while a passenger in a car driven by an uninsured woman. In that case, the decedent's estate sought to recover under the uninsured motorist provisions even though the decedent was not riding in a covered vehicle at the time of the accident. The court in *Lastooka* determined that there was coverage, but based its conclusion on very specific facts. In particular, the court stressed:

> At the time of the accident[,] the decedent was the owner of Ram Construction Company, *a sole proprietorship.* All of Ram Construction's business vehicles, as well as the family's personal automobiles, were titled under the name of Ram Construction and insured under a business auto policy issued by Aetna. The total number of vehicles insured at the time of the accident was 28, *five of which were the personal vehicles of the family members.* All insurance *premiums were paid by the deceased personally* through a company account. Effective February 25, 1984, *the endorsement to the policy had been amended to include John Lastooka and Della Lastooka as named insureds.* The named insureds had already included John M. Lastooka d/b/a Ram Construction Company, Ram Construction Company and Ram Management Corporation.

*Id.* at 410, 552 A.2d 254 (emphasis added). In reference to *Miller,* the *Lastooka* court stated:

> *Miller* is actually inconclusive on the matter. Although the *Miller* opinion, in conclusory fashion, states that the claimant was a class one insured, it is not apparent, from the facts given in the opinion, how the panel made this determination. It does not appear that the claimant in *Miller* was a named insured, or a family member of a named insured. (The standard qualifications for class one status.) However, the claimant was the wife of a corporate officer, thus leaving open to speculation the possibility

that the panel found the claimant a class one insured based upon part of the unanswered question posed in *Contrisciane*, that being, whether the officers of a corporation are class one insureds under a policy issued in the name of a corporation. See *Contrisciane*, 473 A.2d at 1010. Regardless of the panel's reasoning for finding the claimant a class one insured in *Miller*, there is absolutely no indication that the claimant there was a named insured who paid the premiums. *Id.* at 413 n. 1, 552 A.2d 254. The court went on to explain that, under *Contrisciane*, payment of premiums suggested a "recognizable contractual relationship with the insurer," *id.*, adding:

> The policy in question here covered 28 vehicles in total, 23 of which were used in the business and five others which were the personal vehicles of the deceased, his wife and three daughters. Appellants' decedent paid the premiums for the coverage of all of the vehicles, both business and personal, albeit from a Ram Construction account. Consequently, the policy could be thought of as being a combined business/personal auto policy. Appellee insurance company was aware, or should have been aware when the named insureds of the policy were amended to include John and Della Lastooka, that the policy had or was taking on a personal nature in addition to whatever purely business nature it may have previously had.

*Id.* at 414, 552 A.2d 254.

The fact that the policy in *Lastooka* was amended to include the deceased as a named insured surely distinguishes that case from the case at bar. In addition, even if the policy in *Lastooka* had not been amended, the named insured still would have been identified as "John M. Lastooka d/b/a Ram Construction Company, Ram Construction Company and Ram Management Corporation." In the instant matter, the named insured is "Tierney Associates, Inc.," and nowhere in the USF & G policy is reference made to Ms. Tierney herself.

More recently, the Pennsylvania Superior Court has followed the rationale of *Hunyady* in holding that there need not be a class I beneficiary in a UIM policy. For example, in *Caron v. Reliance Ins. Co.*, 703 A.2d 63 (Pa.Super.1997), the court declined to find a corporate employee to be a class I insured even though she had been designated as a driver in a proposal for insurance. Interpreting the UIM endorsement that is indistinguishable from that presented here, the Hon. Berle Schiller, now a judge of the Eastern District of Pennsylvania, concluded that the employee "was not entitled to benefits as a class one insured because the insurance policy's designation of 'you' as the insured referred to Caron International as the purchaser of the policy, not the drivers of the covered vehicles." *Id.* at 68. Judge Schiller then concluded that "there is nothing in Pennsylvania public policy which prohibits an insurer from issuing a policy which insures a company's vehicles, but restricts the extent of an employee's coverage to when he/she is operating one of those vehicles." *Id.* at 69.

In *Insurance Co. of Evanston v. Bowers*, 758 A.2d 213 (Pa.Super.2000), the Pennsylvania intermediate appellate court once again rejected the contention that, because a corporation acts only through its officers and agents, a class I beneficiary for UIM coverage must be recognized. In *Bowers*, the plaintiff was the ward of a corporation engaged in providing treatment services. He was operating a bicycle, and not a covered vehicle, at the time of the accident giving rise to the litigation. The treatment corporation had obtained a policy that contained UIM coverage with the same pertinent policy provisions at issue

here. That is, the "insured" was identified in the "Who Is An Insured" section as:

1. You

2. If you are an individual, any family member.

The injured party met the definition of "family member." The question before the court was whether the term "you" was limited to the named insured corporation. In answering this question in the affirmative, the court stated:

The policy language implicitly, if not explicitly, distinguishes between corporations and natural persons. Because [the insured corporation] is not an individual the family member language is simply inapplicable. We further reject the notion that such an interpretation renders the UIM coverage illusory because no party could ever make a claim. [The insured corporation] purchased meaningful coverage because each person who occupies a company vehicle is thereby entitled to UIM coverage for that covered automobile. The fact that an occupant qualifies as a class two insured cannot also qualify as a class one insured does not render the UIM coverage meaningless. The law does not require every UIM policy to include each class of coverage.

*Id.* at 217. The court went on to explain that the fact that the policy identified as an insured "any family member," only "if you are an individual," eliminated any possible ambiguity in the policy's inclusion of coverage for family members. In this re-

gard, the court observed that "[t]he prevailing view of the majority of jurisdictions considering similar language in business automobile policies, in varying contexts, adhere to the simple principle that the term 'family member' means nothing when 'you' is a corporation and refuse to extend coverage." *Id.* at 220.[5]

Federal district courts in Pennsylvania considering the policy language at issue in this case have similarly concluded that a corporate officer is not a class one insured. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Salkin,* 163 F.Supp.2d 512 (E.D.Pa.2001). Consistent with *Hunyady,* it has been recognized that where it is clear that the term "you" refers to a corporate entity, a policy term extending UIM coverage to "you or any family member" does not warrant a determination that corporate officers are class one beneficiaries. *See, e.g., Ohio Cas. Ins. Co. v. Aron,* Civ. A. No. 91–5805, 1992 WL 247290 (E.D.Pa. Sept.25, 1992), *aff'd mem.,* 993 F.2d 878 (3d Cir.1993).

One case in particular that lends strong support for denial of coverage here is *West American Ins. Co. v. Griffith,* Civ.A.No. 90–6034, 1991 WL 24699 (E.D.Pa. Feb.21, 1991), *aff'd mem.,* 944 F.2d 899 (3d Cir. 1991). In *Griffith,* the policy was issued in the name of "R.G. Construction, Inc.," a Subchapter S Corporation, of which the defendant and his brother were the only shareholders. The face of the policy identified the corporation as the named insured, and the policy covered two trucks. Defendant was injured while riding his

---

5. Some courts have concluded that an ambiguity that must be resolved in favor of an individual is present in a policy issued to a closely held corporation that identifies the "insured" as simply "you and any family member." *See, e.g., Progressive Cas. Ins. Co. v. Hurley,* 166 N.J. 260, 765 A.2d 195 (2001). Significantly, in *Hurley,* the court observed that, following the accident in question, the insurance company had amended its policy to coincide with the language at issue here by

specifying that *"[i]f you are an individual,* any family member," is also an insured. *Id.* at 266, 765 A.2d at 198 (emphasis in original). The New Jersey Supreme Court explained that this change in language revealed an ambiguity in a policy provision that identified the insured simply as "you and any family member." Of course, the language at issue in this case includes the important qualifier, "if you are an individual."

motorcycle, a non-covered vehicle. As in this case, the policy identified as an insured, "you," and *"if you are an individual,* any 'family member.'" (Emphasis added.) The *Griffith* court pointed out that "[t]he issue is whether an underinsured motorist policy covering a corporation provides personal coverage for the owners or officers of that corporation." *Id.* at *2. The parties in *Griffith* presented the same arguments as those advanced here. The insurance company contended that the policy provided coverage only to the named insured, R.G. Construction, and to anyone driving a covered vehicle. Griffith, on the other hand, asserted that the term "you" in the policy provided coverage to him as president and majority shareholder of the corporation. He also argued:

> limiting the scope of the coverage under the "you" term of the policy to the corporation would render the policy coverage meaningless because a corporate entity cannot suffer a bodily injury and therefore would [not] derive any benefit from the insurance.

*Id.* The court found in favor of the insurance company, stating:

> Griffith's interpretation cannot be reconciled with the language of the policy or Pennsylvania corporations law. In ordinary discourse, the term "you" applies to a living person. But two provisions of the policy make clear that West American intended the term "you" to apply either to an individual or a non-human entity. First, the definitions section of the policy states that insurance may be extended to "any person *or organization* qualifying as an insured in the Who Is An Insured provision of the applicable coverage." In addition, the "Who is Insured" section defines the covered parties as "1. You" and "2. *If you are an individual,* any family member." *The latter clause suggests that under this*

*policy the term "you" may refer to an inanimate entity such as a corporation.* *Id.* (emphasis added).

■ The terms of the policy at issue in this case parallel the policy terms considered in *Bowers, Hunyady* and *Griffith.* In the declarations section of the policy, "Tierney Associates, Inc." is clearly identified under the heading "Named Insured." Under the heading "Who is an insured," the policy specifically states, "1.) You; 2.) *If you are an individual,* any 'family member.'" (Emphasis added.) The Business Auto Coverage Form specifies that the term "you" refers to the Named Insured shown in the declarations. Thus, the policy clearly provides for a situation in which an entity, and not an individual, is the named insured. Why else would the policy use the language "if you are an individual?" In other words, the case at bar addresses the alternative situation in which *"you"* does *not* refer to an individual.

In *Griffith,* the defendant argued "that unless a corporate officer is included in the 'class one' coverage of the policy issued to R.G. Construction, no living, physical entity would be able to have 'class one' coverage." *Id.* at *3. The court considered this contention to be irrelevant, stating, "nothing in *Contrisciane* provides that every uninsured or underinsured motorist policy must include each class of coverage. The policy issued to R.G. Construction is a policy providing class two and class three coverage only." *Id.*

This reasoning is equally applicable to the case at bar. For instance, Tierney argues that "[t]o find that the policy at issue does not provide underinsured benefits coverage to Defendant Ceil Ann Tierney allows plaintiff to charge premiums and collect funds for coverage which does not exist. The intended beneficiary of the policy is clearly at least the corporate officers of Defendant Tierney Associates, Inc."

(D's Br. in Opp. to Mot'n for Judgment on the Pleadings, p. 12.) That is simply not the case. Tierney would have been covered as a class two insured had she been riding in a covered vehicle, as would any other individual, regardless of their relation to the corporation. Since nothing in *Contrisciane* mandates coverage for all three classes, the policy at issue, like the one in *Griffith,* simply does not provide UIM coverage to corporate officers when injured in an automobile accident involving vehicles other than a covered vehicle.[6]

In summary, there are persuasive intermediate appellate court decisions that hold that corporate officers and directors are *not* necessarily intended beneficiaries of policies of automobile insurance issued to their corporations. As recognized by federal district court opinions in *Salkin, Aron,* and *Griffith,* the Pennsylvania Superior Court decisions compel the conclusion that where, as here, the policy plainly indicates that the term "you" refers to the named insured corporation, and only the named insured, a corporate officer is not a class one beneficiary under the policy. Absent " 'data that the highest court of the state would decide otherwise,'" *Boyanowski,*

215 F.3d at 406, the Pennsylvania Superior Court decisions should be followed.

■■■ Ms. Tierney has not cited a Pennsylvania Supreme Court decision that would suggest that the Superior Court's rulings in *Hunyady* and *Bowers* are out of step with Pennsylvania law. On the contrary, pronouncements of the state's highest court support the conclusion that coverage is not available here. Specifically, in *Contrisciane,* the court stated that where the claimant "has no recognizable contractual relationship with the insurer, ... there is no basis upon which [the claimant] can reasonably expect ... coverage." 504 Pa. at 339, 473 A.2d at 1011. In this case, there is nothing in the policy to indicate that corporate officers were intended beneficiaries of the UIM coverage. There is nothing in the policies that suggests a recognizable contractual relationship between the insurer and Ms. Tierney. It is hornbook law that a corporate officer is not a party to a contract between the corporate entity and another party. Furthermore, as noted by Judge Schiller in *Caron,* 703 A.2d at 69, "there is nothing in Pennsylvania public policy which prohibits an insurer from issuing a policy which

---

**6.** Ms. Tierney insists that there are two federal district court cases applying Pennsylvania law that hold that a corporate officer is, *ipso facto,* an intended beneficiary of an automobile insurance policy. Specifically, she relies upon *Ober v. Aetna Cas. and Sur. Co.,* 766 F.Supp. 342 (W.D.Pa.1990), *aff'd mem.,* 944 F.2d 898 (3d Cir.1991), and *Lehman v. Nationwide Mut. Ins. Co.,* Civ. A. No. 88–5973, 1990 WL 87277 (E.D.Pa. June 21, 1990). Both cases addressed the question of stacking. In *Ober,* the plaintiff was the president of the named insured and was injured while operating a covered vehicle. At issue was a policy provision that allowed for stacking "if bodily injury is sustained in an accident by you or any family member ...." 766 F.Supp. at 343 n. 1. Significantly, *Ober* did not address policy language that qualified the term "you" as in this case, *i.e.,* "if you are an individual." Fur-

thermore, *Ober* did not even cite *Hunyady.* *Lehman* found ambiguity in a policy issued to a corporation that suggested that the insurance contract was actually a personal use policy. Like *Ober, Lehman* did not indicate that the policy in question qualified the term "insured" as it does in this case, *i.e.,* "if you are an individual." *Lehman* also did not address the import of *Hunyady.* (*Hunyady* was decided after the decision in *Lehman* but before the decision in *Ober.*) Because neither *Ober* nor *Lehman* addressed the policy language at issue in this case or the import of *Hunyady,* a Superior Court decision that " 'is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise,'" *Boyanowski,* 215 F.3d at 406, neither case is persuasive on the issue presented here.

insures a company's vehicles, but restricts the extent of an employee's coverage to when he/she is operating one of those vehicles."

The conclusion reached in *Hunyady, Caron,* and *Bowers* is consistent with the majority rule.[7] The cases from other jurisdictions, in particular, recognize that where a policy clearly indicates that the named insured is a corporation, the mere inclusion of reference to such personal terms as "you" or "family member," does not make corporate officers and directors class one beneficiaries. *Concrete Services,* 331 S.C. at 512, 498 S.E.2d 865; *Seaco Ins. Co. v. Davis–Irish,* 180 F.Supp.2d 235, 237 (D.Me.2002) (policy included language identical to that presented here, and court rejected contention that "it is reasonable to interpret the 'you' in a corporate policy as including the officers and employees").

## CONCLUSION

■■■■ " 'Under Pennsylvania law, it is the province of the court to interpret contracts of insurance.' " *Salkin,* 163 F.Supp.2d at 515. The court's goal is "to ascertain the intent of the parties as manifested by the language of the written instrument." *Standard Venetian Blind Co. v. American Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983). "The court is to read the insurance policy as a whole and construe it according to its plain meaning." *Salkin,* 163 F.Supp.2d at 515.

Reading the insurance policy at issue in this case as a whole, and in the context of the persuasive Pennsylvania Superior Court precedents, I find that Ms. Tierney was not an "insured" under the USF & G policy at the time she sustained the injuries for which she now seeks recovery. Specifically, the policy in question afforded UIM coverage only if Ms. Tierney had been injured while occupying a covered

vehicle, a condition not met here. Accordingly, USF & G's motion for judgment on the pleadings will be granted. An appropriate Order follows.

---

7. For a discussion of this issue and citation to numerous cases, see *Concrete Services, Inc. v.* *U.S. Fidelity & Guar. Co.,* 331 S.C. 506, 509–12, 498 S.E.2d 865 (1998).