

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2004

# State Farm Ins Co v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"State Farm Ins Co v. Taylor" (2004). *2004 Decisions.* Paper 125.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4593
_____

STATE FARM INSURANCE COMPANY

v.

KATHRYN TAYLOR, MARK TAYLOR and TAYLOR
GENERAL CONTRACTING, INC.,
*Appellant*s

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 02-cv-07459)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2004
Before: ROTH, SMITH and BECKER, *Circuit Judges*

_____

OPINION

_____

BECKER, *Circuit Judge.*

This is an appeal by Kathryn Taylor, Mark Taylor and Taylor General Contracting,

Inc. (TGC) from an adverse judgment in a declaratory judgment action brought by State

Farm Insurance Company seeking a coverage ruling. Kathryn Taylor (Taylor) is a co-principal of TCG (along with her husband Mark). The District Court held that Taylor, who was injured in a motor vehicle accident in which she was occupying her private vehicle, not one of the four TCG corporate vehicles covered under the corporation's policies which are the subject of this suit, could not stack her UIM coverage onto the four policies on which the corporation was the named insured. We affirm, essentially for the reasons set forth in Judge Rufe's thorough and thoughtful opinion. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi*.

## I.

Taylor correctly notes that the four corporate policies had formerly listed Mark Taylor as the named insured, and that under that nomenclature she could have stacked under the policy terms. Proceeding from that premise, Taylor first argues that the policy was surreptitiously changed to list the corporation as the named insured, depriving her of the right to stack, *see infra*, and that the change should be ignored. We disagree. As Judge Rufe convincingly demonstrates:

> Even assuming Defendants could produce evidence demonstrating that State Farm made a unilateral, unauthorized change to the "named insured," Defendants ratified and thereby assented to the change. There is no dispute that Defendants received copies of the policies and the new declaration pages years before the accident. By paying the premiums and renewing the policies three times prior to the accident, Defendants accepted and ratified the terms of the policies, including the "named insured" appearing in the declarations. See Richard A. Lord, 12 Williston on

2

Contracts § 35:22 (4th ed. 2003) ("Where an agent lacks actual authority to agree on behalf of the principal, the principal may still be bound if the principal acquiesces in the agent's action, or fails to promptly disavow the unauthorized conduct after acquiring knowledge of the material facts."); Restatement (Second) of Contracts § 380(2) (1981) ("The power of a party to avoid a contract for mistake or misrepresentation is lost if after he knows or has reason to know of the mistake or of the misrepresentation . . . he manifests to the other party his intention to affirm it or acts with respect to anything that he has received in a manner inconsistent with disaffirmance."); see also United States v. One 1973 Rolls Royce, 43 F.3d 794, 818 n.26 (3d Cir. 1994) ("The concept of ratification in agency law, for example, allows a principal to be bound by an agent's unauthorized prior act if the principal knows about it and fails to take affirmative steps to disavow the act.") (citation omitted).

Defendants accepted the benefits of coverage when they paid the policy premiums. Had they reviewed the insurance documents prior to Mrs. Taylor's accident, they would have reached the inescapable conclusion outlined above: if Mrs. Taylor became involved in an accident in her personal vehicle with an underinsured driver, she would not be eligible for UIM benefits under the Corporation's policies. Despite having sufficient information available to them, Defendants did nothing in the twenty-one months between the policies' inception dates and the date of the accident to address any perceived questions or errors concerning the "named insured" or the scope of coverage.

In fallback arguments, Taylor submits that State Farm had an obligation to notify her that her right to stack had been diminished when the named insured was changed and that she had a reasonable expectation of coverage. We find no authority for these propositions and reject them.

## II.

Taylor also argues that under Pennsylvania law and public policy she was entitled to coverage. Again we disagree. The UIM policy language limits individual "insureds"

3

to occupants of the vehicle when the named insured is an "organization". A review of Pennsylvania cases, as well as federal cases interpreting Pennsylvania law, reveals that there is no prohibition on an insurer's limiting the UIM coverage on corporate-owned vehicles to the occupant(s) of those vehicles. Even if there were some merit to Taylor's argument on the circumstances where she had been occupying one of the insured vehicles, *see Ober v. Aetna Cas. & Sur. Co.*, 766 F. Supp. 342 (W.D. Pa. 1990), *aff'd without opinion*, 944 F.2d 898 (3d Cir. 1991), there is no possible merit to the argument in this case where she was occupying a personal vehicle. This argument was rejected in *Hunyady v. Aetna*, 578 A.2d 1312 (Pa. Super. Ct. 1990).

The judgment of the District Court will be affirmed.